Bardhyl **REMBECI–REMBECI**, Kozeta **Rembeci–Rembeci, Marinel Rembeci–Rembeci, Marius Rembeci–Rembeci,** Petitioners,

v.

Mark **FILIP**, Acting United States Attorney General,* Respondent.

No. 08–0686–ag.

United States Court of Appeals, Second Circuit.

Jan. 27, 2009.

Jonathan R. Nelson, New York, NY, for Petitioners.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Daniel Glenn Lonergan, Trial Attorney, Office of Immigration Litigation, Civil Division, Washington, D.C., for Respondent.

Present: DENNIS JACOBS, Chief Judge, REENA RAGGI, and PETER W. HALL, Circuit Judges.

---

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Mark Filip is substituted for Michael B. Mukasey as Respondent.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED, in part, and DENIED, in part.

Petitioners, Bardhyl, Kozeta, Marius, and Marinel Rembeci–Rembeci, natives and citizens of Albania, seek review of a January 25, 2008 order of the BIA affirming the February 27, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom denying Bardhyl Rembeci–Rembeci's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Rembeci–Rembeci,* Nos. A 78 938 194/195/196/197 (B.I.A. Jan. 25, 2008), *aff'g* Nos. A 78 938 194/195/196/197 (Immig. Ct. N.Y. City Feb. 27, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in some respects but not others, and supplements the IJ's decision, this Court reviews the IJ's decision as modified and supplemented by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

---

1. Bardhyl Rembeci–Rembeci's asylum application included his wife, Kozeta, and his sons, Marinel and Marius, as derivative applicants.

We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Substantial evidence supports the agency's determination that country conditions in Albania have changed fundamentally such that any presumption of a well-founded fear of persecution has been rebutted. *See* 8 C.F.R. § 1208.13(b)(1)(i). In *Hoxhallari v. Gonzales,* 468 F.3d 179 (2d Cir. 2006), the petitioner argued before the agency that he had been persecuted in Albania because he supported the Democratic Party. *Id.* at 182–83. We concluded that the IJ's analysis properly considered the Democratic Party's 2005 electoral victory a "salient historical event" that rebutted any presumption of a well founded fear of persecution. *Id.* at 186. Here, the agency similarly considered the Democratic Party's victory in the 2005 election as a fundamental change in circumstances. We find no error in that determination.

Petitioners argue that the agency failed to consider their argument that the Democratic Party government could not protect them because the Socialist Party still controls local government. However, the record reflects that the agency did consider these assertions, and rejected them. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336 n. 17 (2d Cir.2006) (holding that the Court will presume that the agency has reviewed the evidence of record). Because the agency's changed country condition finding was not in error, we will not disturb the IJ's decision; there is therefore no need to address whether it erred in reaching its nexus finding. *See Manzur,* 494 F.3d at 289.

Finally, we lack jurisdiction to review Petitioners' challenge to the agency's denial of withholding of removal and relief under the Convention Against Torture, because those claims were not raised before the BIA; they are therefore unexhausted. 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). Accordingly, with respect to these issues, we must dismiss the petition for review. We also decline to consider the petitioners' unexhausted arguments concerning humanitarian asylum. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).